IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS McLAUGHLIN, JOHN DiGREGORIO, TERI ZAUSA and BRIANNA ZAUSA, <br><br> Plaintiffs, <br><br> v. <br><br> PNC BANK, NATIONAL ASSOCIATION, a Delaware Banking Corporation, with its principal place of business in Pennsylvania, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 16 C 9428 |

## MEMORANDUM OPINION AND ORDER

It seems fashionable these days (at least in some quarters) to characterize banks and other mortgage lenders as betes noirs in plying their trade, a view fueled by the notariety of some high-profile major companies engaged in that activity. But mortgagees have their rights too -- particularly as has been true of PNC Bank National Association ("PNC") in its meticulous compliance with its legal rights.

Indeed, the actual facts underlying the efforts of plaintiffs to mulct PNC in damages present a totally different picture from the one misleadingly advanced by plaintiffs' First Amended Complaint ("FAC") -- as PNC has indisputably shown in its current motion, the individual plaintiffs themselves and a group of their relatives and associates have engaged in a protracted and complex course of conduct that has sought to forestall -- or even to frustrate entirely -- PNC's entitlement to enforce its legitimately-obtained and state-court-ordered Agreed Order for Possession. PNC bore those obstructionist tactics with remarkable patience until its

patience ran out and it caused the Sheriff of DuPage County to evict all occupants of the mortgaged premises (including plaintiffs here) and to place PNC in possession of the property pursuant to that Agreed Order for Possession.

By contrast, here is the totally misleading "Nature of the Action" section with which plaintiffs' counsel has prefaced their FAC filed on October 12 of this year:

> The undisputed circumstances in this case show that there can be no plausible argument made that the Bank did not damage Plaintiffs' personal property. The only issue in this action is whether the Defendant PNC Bank NA ("the Bank") negligently or intentionally damaged Plaintiffs' personal property. On the morning of September 30, 2016, the Bank took possession of a residential house where Plaintiffs' personal property was located. The Bank either negligently or intentionally damaged Plaintiffs' personal property.

That contention and the FAC itself have been met by PNC's Fed. R. Civ. P. ("Rule") 12(b)(6) Motion To Dismiss (the "Motion"), which sets out in excruciating detail the obstructionist game playing that has been engaged in by plaintiffs and their cohorts and, perhaps most importantly, which demonstrates both (1) the undisputed existence of the Agreed Order for Possession that PNC ultimately enforced and (2) the fact that PNC "acted pursuant to a lawful court order and followed the published eviction procedures for removing personal property set out by the DuPage County Sheriff to the letter and under the supervision of a Sheriff's Deputy" (Motion at 5).

Plaintiffs have sought to respond to PNC's Motion with a "Memorandum in Opposition to Motion To Dismiss." But regrettably the word "respond" is hardly accurate, for defense counsel has blithely ignored both the background underlying the ultimate foreclosure and the fact that the complained-of conduct that resulted in the damage to plaintiffs' personal property that forms the gravamen of the FAC was committed in strict accordance with the Sheriff's prescribed Order of

Forcible Entry and Detainer Procedures (Ex. A to the Motion). Plaintiffs' counsel's "responsive" Memorandum also ignores entirely the responsibility and obligation of parties who are being legally evicted from mortgage premises to make whatever arrangements are needed to take care of their own property when they know that foreclosure is in the offing.[1] What that "responsive" Memorandum has done instead is to ignore all of those things, resorting instead to boilerplate statements of Rule 12(b)(6) standards and of the general requirements of actions for negligence, trespass to chattels and conversion, in an effort to shift to PNC a duty that was for plaintiffs themselves to discharge.

That effort to deflect attention from what is really involved in this case cannot do the job. Although this Court has no desire or intention to enlarge the controversy between the parties by the consideration (let alone any initiation) of sanctions in this case, it must be wondered whether plaintiffs' counsel have really considered the obligations imposed by Rule 11(b)(2) on the attorneys for a federal court plaintiff. In sum, PNC's Motion is granted, and both the FAC and this action are dismissed.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 2, 2016

---

[1] In that respect, PNC's Motion pages 2 through 6 describe in detail the entire series of litigation efforts by plaintiffs and their cohorts that first resulted in the judicial entry of the Agreed Order for Possession, followed by further litigation on their part, including the launching of an unsuccessful lawsuit in this District Court and an attempted appeal from the dismissal of that lawsuit that did not forestall the enforcement of the Agreed Order for Possession.